### THE JOHN H. STARIN.

(District Court, D. Connecticut. June 17, 1902.)

No. 1,308.

1. COLLISION—DAMAGES RECOVERABLE—COST OF REPAIRS.

The fact that repairs made necessary by a collision make the vessel stronger and better than before the collision cannot be taken advantage of by the vessel responsible for the injury, to reduce the amount of its liability.

2. SAME—INTEREST.

A libelant for collision is entitled to recover, as a part of his damages, interest on the amount he was compelled to pay out for wrecking services and repairs.

In Admiralty. Suit for collision. On exceptions by claimant to report of commissioner.

Carpenter & Park, for libelant.

Newton, Church & Hewitt, for claimant.

¶ 2. See Collision, vol. 10, Cent. Dig. § 284.

116 F.—28

PLATT, District Judge. The manner in which the exceptions are drawn does not impress me favorably. I have been compelled to give much time to a careful examination of the evidence and exhibits in the case in order to arrive at an intelligent appreciation of the points made by the claimant. The Commander in Chief, 1 Wall. 48, 17 L. Ed. 609. But I have given the time, and reached my own conclusions, and no good purpose would be served by requiring further amplification of the exceptions. I shall hope that hereafter a more sensible view of the proctor's duties in such cases will be entertained by those who have occasion to file exceptions to the reports of commissioners.

First Exception. I think that, under all the circumstances, Morgan's bill for repairs, of $2,765, should be paid, for the reasons given by the commissioner. Even if the repairs do make the vessel stronger and better than she was before the collision, that fact cannot be taken advantage of by those who were responsible for the injury. The Alaska (D. C.) 44 Fed. 501. The exception is overruled.

Second Exception. I do not think that the item of $172 for repairing sails should have been allowed. The survey of November 15, 1900, included the item: "Sails. Mainsail and foresail, three years old. Mainsail can be repaired. Foresail to be new." The offer made by the Morgan Iron Works November 16, 1900, was to make repairs "as per survey." If the libelant has paid for the sails, he will be reimbursed in the amount which he will receive on the final decree. This exception is sustained.

Third Exception. Upon the evidence, I agree with the commissioner that the amount allowed by him for demurrage is correct. The exception is overruled.

Fourth Exception. The wrecking bill and the Morgan bill ought to have been paid by the claimant at the outset of this dispute. They were fair bills and due. The libelant has been compelled to pay considerable interest himself, and I think he ought to recover interest from the claimant. The item of $172 for repairing sails has been merged in the $2,765. I think interest should be figured from January 1, 1901, on—.

Scott's bill............................................................. $1,786 56
Morgan's bill.......................................................... 2,765 00
                                                                       ─────────
                                                                       $4,551 56

With this modification, the exception is overruled.

Fifth Exception. If there had been no collision, the paving stones would have been delivered in New York in a very short time, and could have been sold at $55 per 1,000, bringing the consignors $1,100, from which would have been deducted the freight, which had been agreed upon, as shown in the bill of lading, at 40 cents a ton for 300 tons discharged. Owing to the collision the arrival in New York was much delayed, the fall market lost, and it became necessary to store such blocks as were received until the following year. There were found to be, by tally, "count in and count out," 19,128 paving blocks, which brought at the market price, when sold, $918.14.

The balance undoubtedly disappeared on account of the difficulties entailed by the collision.

| | |
|---|---|
| The first loss then, based on count and price, was | $181 86 |
| The storage during winter was a l ss | 153 00 |
| The extra freight from New Haven to New York | 30 00 |
| Blakeslee's bill in New Haven | 65 06 |
| Demurrage on the boat which finally carried the stones to New York, which was actually due, and had to be paid | 54 00 |
| For discharging and tallying in New York, which was included in the original freight charge, but became necessary by reason of the collision | 42 25 |
| | $526 17 |

The haulage bill was evidently at the New York end, and would have been a necessary expense devolving upon the consignees under any conditions. I find that I do not agree with either the libelant or the commissioner in this item, but I am quite satisfied that my view of the matter is correct, and so I will fix the damage to cargo at $526.17. To that extent the commissioner's figures are modified.

Sixth Exception. I agree with the commissioner, and the exception is overruled.

A decree may be entered in accordance with this opinion.